## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Civil Action No. _____

Russ Smith,
Plaintiff,

v.

Director's Choice, LLP

Defendant.

RECEIVED

JAN 0 6 2015

AT 8:30_____M

WILLIAM T. WALSH CLERK

## COMPLAINT

Plaintiff Russ Smith ("Smith") for its Complaint against Defendant Director's Choice, LLP ("DC") alleges as follows:

## I. INTRODUCTION

1. Defendant filed a complaint in proceedings under the Uniform Domain-Name Dispute Resolution Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN") and caused an arbitration panel at the National Arbitration Forum ("NAF") to order a transfer of the <directorchoice.com> domain name ("domain name") to Defendant.

2. Plaintiff brings this action pursuant to Anti-Cybersquatting Consumer Protection Act ("ACPA") [15 U.S.C. § 1114 (2)(D)(iv) and(v)] to:

    (a) Obtain an order to stay the transfer of the domain name to Defendant [15 U.S.C. § 1114 (2)(D)(iv) and(v)],
    (b) Obtain a declaration of lawful use of the domain name [15 U.S.C. § 1114 (2)(D)(v)],
    (c) Obtain a declaration that the Defendant made materially false statements that caused the administrative panel to order a transfer of the domain name [15 U.S.C. § 1114 (2)(D)(iv)], and
    (d) Collect damages of $2,000 [15 U.S.C. § 1114 (2)(D)(iv)].

3. As set forth in more detail below:

    (a) Use of the domain name is lawful,
    (b) The domain name was registered almost 15 years ago with no knowledge of Defendant,
    (c) Plaintiff has legitimate interests in the domain name,
    (d) Defendant made materially false statements to cause an order for the domain name to be transferred to them, and
    (e) There is no basis under Chapter 22 of Title 15 of the U.S. Code to transfer the domain name to Defendant.

1

*Russ Smith, Pro Se, PO Box 1860 Ocean City, NJ 08226 609-398-3301 tm@help.org*

## II. THE PARTIES

4.  Plaintiff Russ Smith is a resident of New Jersey at PO Box 1860, Ocean City, NJ 08226.

5.  Upon information and belief, Defendant DC is a Limited Liability Partnership existing under the laws of the State of Texas, having a principal place of business at 10701 Upland Ave., Lubbock, Texas 79424 with registered agent Jon Locke, 5603 Geneva Ave., Lubbock, TX 79413.

## III. JURISDICTION AND VENUE

6.  Subject matter jurisdiction is proper under 28 U.S.C. § 1331, § 1338 and § 2201 and 15 U.S.C. § 1121 because this action involves a federal question arising under 15 U.S.C. § 1114(2)(D)(iv) and (v).

7.  This Court has personal jurisdiction over Defendant because Defendant expressly agreed to submit to the Court's personal jurisdiction. Specifically, Defendant filed a UDRP Complaint in which it agreed to submit to personal jurisdiction in "the location of the registrant" with respect to any challenge to the decision of the UDRP panel.

8.  Venue is proper under 28 U.S.C. § 1391(b) and § 1391(c)(2).

## IV. RELATED LITIGATION

9.  Plaintiff has filed an opposition to Defendant's trademark application for "DIRECTOR'S CHOICE" at the US Patent and Trademark Office, Trademark Trial and Appeal Board (TTAB) (Case No. 91219676). The primary overlap issue with this Complaint is whether Defendant has maintained a trademark for DIRECTOR'S CHOICE in class 39 since 1997.  This is related to Count 2 of this Complaint.

10. There is no relevance of this litigation as it relates to Count 1 of this Compliant.

## V. BACKGROUND

11.  Plaintiff has operated various business entities since 1997 that develop web sites on a number of different subjects such as ChristmasTrees.com, Privacy.net, Anti-Virus.com, Network-Tools.com, etc. that have attracted millions of visitors.  The web sites display advertisements as a source of income. These business entities also buy and sell web sites and domain names in the normal course of business.

12. A dissolved business entity operated by Plaintiff registered the domain name along with <dinerschoice.com> on March 7, 2000 with the intent of operating movie and restaurant-related web sites.  There was no knowledge of Defendant at the time of registration.

13. Starting in 2002 Defendant contacted Plaintiff's business entities periodically over 12 years and asked to purchase the domain name.  When the domain name was offered for sale Defendant then filed UDRP complaint with the National Arbitration forum (Case No. FA1411001590433) 2014 without providing any prior notice.  Defendant's UDRP complaint claimed, among other things, placing the domain for sale was "bad faith."

*Russ Smith, Pro Se, PO Box 1860 Ocean City, NJ 08226 609-398-3301  tm@help.org*

14. Defendant claimed in their UDRP complaint to have maintained continuous and extensive use of DIRECTOR'S CHOICE as a common law trademark for travel services in class 39 since 1997 and that it has acquired considerable distinctiveness due to longstanding use from considerable business advertising expenditures. However, Defendant's use of DIRECTOR'S CHOICE has not been used as an indication of the source of travel services in class 39 continuously since 1997:

    (a) Director's Choice, LLP (previously Director's Choice, Inc) is a trade name used to identify a partnership of different companies offering different goods and services and using different trademarks and there is no use of the ™ or ® symbol associated with the trade name. The various companies offer a variety of goods and services such as travel services, musical festivals, fund raising programs, candles, product brochures, cookie dough, candy, cheese, sausage, and gadgets.

    (b) Defendant uses CHOICE MUSIC EVENTS (using the domain name <choicemusicevents.org>) and DIRECTOR'S CHOICE TOUR & TRAVEL (using the domain name <directorschoice.travel>) as the marks identifying the source of their music and travel services. Defendant does not use DIRECTOR'S CHOICE standing alone as a trademark for any of its goods or services.

15. The domain name is operating as a movie review web site. A trademark application is pending at the US Patent and Trademark Office for "DIRECTOR'S CHOICE" in class 41 for that use (Application No. 86490560). Pursuant to 15 U.S.C. § 1114 (2)(D)(v) Defendant was notified and was asked to provide any objection to the current use of the domain name. Defendant has not provided notification of any infringement claims.

16. The arbitration panels are based mostly on circumstantial evidence and no discovery or cross-examination is allowed. Since the decision is based on circumstantial evidence the court should not give the panel decision any weight. For instance, in this case:

    (a) A common-law trademark was found to exist based on 2 vague references to trade names that were used in conjunction with different goods and services than what was claimed,

    (b) The UDRP policy requires showing a domain registrant targeted Defendant's trademark during registration but that was inferred simply because both entities operated in the United States,

    (c) It was found to be "bad faith" to offer the site for sale even though Defendant repeatedly requested the site be placed up for sale over a period of 12 years,

    (d) Laches defense was rejected even though a valid defense would be to provide business records from almost 15 years ago which no longer exist due to the delay, and

    (e) It was inferred from a single banner ad displayed by the Google search engine that the domain was being used to infringe upon the Defendant's claimed common-law trademark.

## COUNT 1

17. Plaintiff hereby incorporates the allegations of paragraphs 1 through 16 as if set forth here in full.

18. The registration or use of the domain name is lawful pursuant to Chapter 22 of Title 15 of the U.S. Code.

3

*Russ Smith, Pro Se, PO Box 1860 Ocean City, NJ 08226 609-398-3301  tm@help.org*

## COUNT 2

19. Plaintiff hereby incorporates the allegations of paragraphs 1 through 18 as if set forth here in full.

20. Defendant made the following knowing and materially false representations that caused the UDRP panel to order a transfer of the domain name to them:

    (a) Defendant claimed they acquired common-law trademark rights with respect to DIRECTOR'S CHOICE for travel services in class 39 based on continuous use since 1997, and

    (b) Defendant claimed the domain name was used to infringe upon this claimed trademark.

## RELIEF SOUGHT

21. Plaintiff prays the courts issue injunctive relief to stay the transfer of the domain name to Defendant and declare the use of the domain name is lawful.

22. Plaintiff prays the courts issue an order to require NAF and ICANN to add a section to the published UDRP decision indicating the transfer order is reversed due to materially false claims by Defendant.

23. Plaintiff prays the courts award damages to Plaintiff of $2,000 ($1,300 arbitration fee, $300 TTAB filing fee, $400 filing fee for this Complaint) plus any other expenses or damages incurred.

24. Plaintiff prays the courts issue other relief as the Court deems just and proper.

Respectfully submitted,

Russ Smith   1/5/2014

Russ Smith, *Pro Se*
PO Box 1860
Ocean City, NJ 08226
609-398-3301
tm@help.org

*Russ Smith, Pro Se, PO Box 1860 Ocean City, NJ 08226 609-398-3301  tm@help.org*

Russ Smith
Po Box 1860
Ocean City, NJ 08226

Camden Clerk's Office
Mitchell H Cohen US Courthouse
Po Box 1297
4th + Cooper St., Room 1050
Camden, NJ 08101