## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 1:15-cv-00081-JBS-AMD



Russ Smith,
Plaintiff,
v.
Director's Choice, LLP
Defendant.

---

### Reply to Motion to Dismiss FIRST AMENDED COMPLAINT

### Smith Affidavit in Support of Reply to Motion to Dismiss FIRST AMENDED COMPLAINT

### Certificate of Service

---

**The above documents were mailed via first class US mail, postage prepaid to:**

**MATTHEW ADAM KAPLAN**
ABBOTT BUSHLOW & SCHECHNER, LLP
70-11 Fresh Pond Road
Ridgewood, New York 11385

Respectfully submitted,

March 18, 2015

Russ Smith, *Pro Se*
PO Box 1860
Ocean City, NJ 08226
609-398-3301
tm@help.org

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Civil Action No. 1:15-cv-00081-JBS-AMD

Russ Smith,
Plaintiff,
v.
Director's Choice, LLP
Defendant.

---

**Reply to Motion to Dismiss the First Amended Complaint**

**Oral Arguments Requested**

---

**Table of Contents**

Background …………………………………………………………………………………… 2

Standing ……………………………………………………………………………………… 3

Trademark Rights …………………………………………………………………………….. 3

Claim Against ICANN ……………………………………………………………………….. 4

Requested Court Action …………………………………………………………………….. 5

**Table of Exhibits**

Exhibits A – F …. Emails from Defendant from 2002 through 2012 requesting the domain name <directorschoice.com> be placed up for sale. ………………………………………………….. 2

Exhibits F – G of the First Amended Complaint …. Archived web pages of Defendant ………. 2

Exhibits H – I of the First Amended Complaint …. Public Filings by Defendant with the Texas Secretary of State ……………………………………………………………………………  2

Exhibits J – K of the First Amended Complaint …. Public Filings by Defendant with the US Patent and Trademark Office …….…………………………………………………………  3

Defendant's Declaration of Matthew A. Kaplan paragraph 10, Defendant's Exhibit H …. Domain Registrant ……………………………………………………………………………………… 3

*Russ Smith, Pro Se, PO Box 1860 Ocean City, NJ 08226 609-398-3301 tm@help.org*

Defendant's Declaration of Matthew A. Kaplan paragraph 6, Defendant's Exhibit D ….. Order from Domain Arbitration Panel ………………………………………………………………………. 3

Defendant's Declaration of Matthew A. Kaplan paragraph 8, Defendant's Exhibit F … Notice of Lawsuit to Defendant from plaintiff ……………………………………………………………… 3

Exhibit G … Background Information abdout the national Arbitration Forum …………………… 3

## Table of Authorities

15 U.S.C. § 1114(2)(D)(iv) and (v) …………………………………………………...…… 3, 4

FRCP – Rule 5 …………………………………………………………………………………  4

Plaintiff Russ Smith ("Smith") for its Reply to Motion to Dismiss the First Amended Complaint against Defendant Director's Choice, LLP alleges as follows:

1. Plaintiff requests oral arguments due to the unclear nature of Defendant's pleading and the complexity of the claim Defendant has made against Internet Corporation of Assigned Names and Numbers (ICANN) for an immediate transfer of the domain name.

2. An Affidavit of Russ Smith in Support of the Reply to Motion to Dismiss the First Amended Complaint ("Smith Affidavit") is being filed with this pleading.

### BACKGROUND

3. Defendant has been attempting to purchase the domain name <directorschoice.com> and has repeatedly asked, since 2002, that the domain be placed up for sale (Smith Affidavit paragraphs 8 – 13, Exhibits A – F). When the domain name was placed up for sale, at Defendant's request, Defendant filed a domain arbitration dispute. No prior notice of infringement claims were made over the 12 year period. Defendant claimed putting the domain up for sale was "bad faith." Defendant also claimed trademark rights in "DIRECTOR'S CHOICE" for "Arranging travel tours for music organizations; Organisation of travel" back to 1997. Defendant did not exist until 2002 but made the claim of an earlier date because the domain was registered in 2000.[1]

4. An abundance of archived Internet web pages and Defendant's filings with State of Texas (Smith Affidavit paragraphs 2 – 5, Exhibits F – I of the First Amended Complaint) indicate Defendant has used "DIRECTOR'S CHOICE, LLP" as a trade name and not a trademark or service mark. The goods and

_____

[1] In the Statement of Facts Defendant claimed to have existed since 1997 but that is referring to a different entity, Director's Choice, Inc. Defendant also claimed it "converted" from a Corporation to a Limited Liability Partnership even though such a "conversion" is not possible under Texas Law.

services offered by Director's Choice, Inc. included things such as candy, sausage, and candles. Only in 2014, when the domain was placed up for sale, did Defendant claim "DIRECTOR'S CHOICE" has been used as a service mark since 1997 for "Arranging travel tours for music organizations; Organisation of travel." (Smith Affidavit paragraphs 6 – 7 Exhibits J – K of the First Amended Complaint)

5. Defendant is engaged in a practice commonly known as "Reverse Domain Name Hijacking." This is where an entity makes false trademark claims in an attempt to cause a small business to spend large amounts of money to maintain a domain registration of a domain being operated lawfully. In this case Defendant waited almost *15 years* to make any claims. Defendant is now attempting to force Plaintiff to spend legal fees to protect the domain registration.

## Standing

6. Plaintiff is the registrant of the domain name (See Defendant's Declaration of Matthew A. Kaplan paragraph 10, Defendant's Exhibit H).

7. The domain name was ordered transferred by an arbitration panel. (See Defendant's Declaration of Matthew A. Kaplan paragraph 6, Defendant's Exhibit D).

8. Plaintiff sent a message signed "Russ Smith" notifying defendant of the potential lawsuit (See Defendant's Declaration of Matthew A. Kaplan paragraph 8, Defendant's Exhibit F).[2]

9. In the plain language of 15 U.S.C. § 1114(2)(D)(iv) and (v) there is no requirement that the domain registrant has to be the same at the time the arbitration dispute was filed or at the time the arbitration dispute was decided. The requirement is that the Plaintiff is the current registrant of the domain. Plaintiff has the right to transfer the domain name from HELP.org, LLC to himself and pursue this litigation.

## Trademark Rights

10. Plaintiff agrees with Defendant's contention that Plaintiff does not hold trademark rights in "DIRECTOR'S CHOICE." However, Defendant does not explain why this is relevant to the standing in this case. No trademark claims have been made against Defendant.

11. 15 U.S.C. § 1114(2)(D)(iv) and (v) do not require the Plaintiff to have any trademark rights to file suit:

- (a) U.S.C. § 1114(2)(D)(iv) requires that the domain name has been ordered transferred under arbitration.

- (b) U.S.C. § 1114(2)(D)(v) requires the use of the domain name by registrant is "not unlawful under this chapter." Plaintiff allows HELP.org to use the domain. HELP.org

---

2 Defendant points out the email was sent by <help.org>. That identifies the domain name of the email server used to send the e-mail.

3

happens to have acquired trademark rights in "DIRECTOR'S CHOICE" as a result of setting up the domain as a movie review web site but that is not a requirement of U.S.C. § 1114(2)(D)(v).

## Claim Against ICANN

12. Defendant has attempting to make a claim against ICANN to facilitate the transfer of the domain using the Uniform Domain-Name Dispute-Resolution Policy.  It is not appropriate to make a claim against a third party as part of a motion to dismiss and should not be considered by the Court.  Any such claim should be in a separate motion.[3]

13. There is an ongoing dispute with the Minnesota Attorney General concerning the way the domain arbitration was conducted.  The National Arbitration Forum has been involved in a number of similar lawsuits, disputes, and complaints concerning its operations[4, 5, 6, 7] (Smith Affidavit paragraph 14, Exhibit G).

14. The Minnesota Attorney general has requested the domain arbitration issues be reviewed by the ICANN Ombudsman using Alternative Dispute Resolution procedures.  The matter is currently being

---

3 FRCP. Rule 5.

4 In March 2008, the City of San Francisco filed a lawsuit against the National Arbitration Forum (NAF) on behalf of its citizens, accusing the arbitrator of unfairly favoring credit card companies in disputes with their customers. The city alleged that the NAF was practicing unethically and wrongly with such specific concerns as ignoring evidence, inflating awards and declining hearing requests by consumers. The lawsuit said that between January 2003 and March 2007, consumers won 0.2% of the 18,075 arbitration cases in California that were not dropped, settled or otherwise dismissed.

5 In June 2008, Businessweek made broad claims of National Arbitration Forum's (NAF) bias in favor of consumer creditors and hidden conflict of interest. According to the article, NAF markets itself to consumer credit providers, collection agencies and law firms.

6 In April 2009 an ex-employee filed suit against National Arbitration Forum "for employment discrimination, deceptive trade practices and consumer fraud." The suit said that "During the course of plaintiff's employment at defendants, she witnessed fraudulent and corrupt practices in the administration of arbitration cases."

7 On July 14, 2009, the Minnesota Attorney General Lori Swanson brought a lawsuit against the National Arbitration Forum (NAF) for consumer fraud, deceptive trade and false statements in advertising.  Key to their complaint was allegations that the NAF had deliberately hidden its ties to the businesses it represented and actively encouraged their naming as mandatory arbitrators in contracts. The National Arbitration Forum countered that its arbitrators were independent practitioners, which ensured that its arbitration was impartial. However, citing legal costs, the National Arbitration Forum agreed the week after the filing to stop accepting consumer debt collection cases for arbitration. (Smith Affidavit at paragraph 15).

reviewed by the ICANN Ombudsman and an order for an immediate transfer of the domain at this time would circumvent that process. (Smith Affidavit at paragraph 15).

## Requested Court Action

15. Plaintiff requests the Court deny the Motion to Dismiss and order Plaintiff to answer the First Amended Complaint.

16. If the Court should find Plaintiff does not have standing then Plaintiff requests leave to amend the Complaint.

Respectfully submitted,

March 18, 2015
Russ Smith, *Pro Se*
PO Box 1860
Ocean City, NJ 08226
609-398-3301
tm@help.org

5

1:15-CV-00081-JBS-AMD

Russ Smith
PO Box 1860
Ocean City, NJ 08226
tm@help.org
3/18/2015

Clerk of the Court
US District Court for the District of New Jersey
US Courthouse
4th and Cooper St.
Camden, NJ 08101

RECEIVED

MAR 20 2015

A.T 8:30_____M
WILLIAM T. WALSH CLERK

Enclosed is :

-Reply to Motion to Dismiss the First Amended Complaint

-Affidavit of Russ Smith In Support of Reply to Motion to Dismiss the First Amended Complaint

-Exhibits A – G

-Certificate of Service

Please contact me via e-mail at tm@help.org with any questions or issues.

Thank You

Russ Smith