IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSS SMITH,<br><br>        Plaintiff,<br><br>   v.<br><br>DIRECTOR'S CHOICE, LLP,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-81 (JBS/AMD)<br><br>**OPINION** |

APPEARANCES:

Mr. Russ Smith
P.O. Box 597
Moorestown, NJ 08057
    Plaintiff, pro se

Matthew A. Kaplan, Esq.
ABBOTT BUSHLOW & SCHECHNER LLP
70-11 Fresh Pond Road
Ridgewood, NJ 11385
    Attorney for Defendant

**SIMANDLE, District Judge:**

I. **INTRODUCTION**

    This case involves a dispute between Plaintiff Russ Smith, pro se ("Smith") and Defendant Director's Choice, LLP ("Director's Choice") over Smith's registration and use of the domain name <directorschoice.com>. Smith brings claims against Director's Choice under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114(2)(D)(v), challenging an arbitration panel's decision that Director's Choice should own the domain name. Director's Choice, in turn, brings

counterclaims against Smith and third party claims against HELP.org, LLC ("HELP.org"), a business entity owned by Smith, under the ACPA and the Lanham Act, 15 U.S.C. § 1114(1).

Presently before the Court are separate motions by Smith for summary judgment as to Count One and Count Two of the Third Amended Complaint. [Docket Items 83 & 91.] Director's Choice opposes both motions on substantive and procedural grounds. [Docket Items 95 & 100.] Because discovery was in its early stages when the motions for summary judgment were filed and is in fact still ongoing, and for the reasons discussed below, the Court will deny both motions without prejudice under Fed. R. Civ. P. 56(d).

## II. BACKGROUND[1]

The background of this case is set forth in more detail in this Court's Opinions of November 11, 2015 [Docket Item 25] and July 11, 2017. [Docket Item 125.] For the purposes of these motions, the Court focuses on the procedural history and facts relevant to Counts and Two of Third Amended Complaint.

---

[1] For purposes of the instant motion and pursuant to Local Civil Rule 56.1, the Court looks to the Third Amended Complaint [Docket Item 108] and Defendant's Answer and Counterclaims [Docket Item 70], when appropriate, Plaintiff's Statements of Undisputed Fact found within the motions for summary judgment [Docket Item 83 at ¶¶ 2-6; Docket Item 91 at ¶¶ 7-22], and Defendant's Statements of Undisputed Material Facts [Docket Items 97 & 101], and related exhibits and documents, and recounts them in the manner most favorable to Defendant, as the party opposing summary judgment.

Smith operates a variety of business entities, which develop websites that generate income through the display of advertisements. [Docket Item 108 at ¶ 1.] These entities regularly buy and sell websites and domain names "in the normal course of business." [Id.] On March 7, 2000, a now-dissolved business entity operated by Smith registered the domain name <directorschoice.com> ("domain name"). [Id. at ¶ 4; Docket Item 109 at ¶ 24.] Smith continued to operate the domain name as a movie-review website through at least March 7, 2018.[2] [Id. at ¶¶ 38-41.]

Director's Choice is a Texas-based company that operates performance opportunities, concert events, and travel for music education programs across the country. [Docket Item 70 at ¶¶ 10-12, 15.] The company was created in 1996 and began hosting concerts and organizing music education travel in 1997. [Id.] According to Director's Choice's Answer to the Third Amended Complaint, clientele refer to the company and/or its services as "Director's Choice," and the company "developed a widespread

---

[2] According to a March 1, 2018 letter by Director's Choice, Smith's registration of the domain name was set to expire on March 7, 2018. [Docket Item 192.] As of the date of the filing of this Opinion, Smith has not yet directly responded to the Director's Choice letter. Nor has Director's Choice filed a formal motion setting forth the basis for its requested relief, as ordered by Judge Donio on March 2, 2018. [Docket Item 193.] Accordingly, the Court is unsure whether the domain name is still registered and operated by Smith.

reputation and enjoys a high degree of recognition in the relevant marketplace and with the general public" using that name. [Id. at ¶¶ 16-17.]

For more than a decade, Director's Choice made numerous attempts to purchase the disputed domain name from Smith and/or his business entities, but neither side was able to agree on terms of sale. [Id. at ¶¶ 29-31; Docket Item 108 at ¶ 5.] According to Director's Choice, in or about June or July 2014, Smith asked Director's Choice to pay $45,000 for the domain name and "appeared to be unwilling to entertain any counteroffers." [Docket Item 70 at ¶ 32.] Ultimately, Director's Choice opted against purchasing the domain name at this price. [Docket Item 108 at ¶ 5.]

On November 18, 2014, Director's Choice filed a complaint regarding the disputed domain name against HELP.org and Smith, pursuant to to the Internet Corporation for Assigned Names and Numbers' Uniform Domain Name Dispute Resolution Policy [See generally Docket Item 96-1.] On December 22, 2014, a three-member administrative panel of the National Arbitration Forum unanimously found that HELP.org did not have any rights or legitimate interests in the disputed domain name and that HELP.org had registered and was using the disputed domain name in bad faith. [Docket Item 96-2 at 12-14.] Accordingly, the

panel ordered the transfer of the domain name from HELP.org to Director's Choice. [Id. at 14.]

On December 25, 2014, three days after the administrative panel found in favor of Director's Choice, HELP.org filed a use-based trademark application with the U.S. Patent and Trademark Office ("USPTO") for the mark "Director's Choice" for "entertainment services, namely, providing on-line reviews of movies." [Id. at ¶ 42.] On September 25, 2015, HELP.org's trademark application matured to registration and HELP.org was issued U.S. Trademark registration No. 4,821,299. [Docket Item 96-4.] On November 5, 2015, Director's Choice filed a Petition for Cancellation of Trademark Registration No. 4,821,299. [Docket item 96-5.] On December 31, 2015, Smith dissolved HELP.org and assigned its rights and goodwill in the "Director's Choice" trademark to himself individually, allegedly hours after Director's Choice filed its Amended Answer to the First Amended Complaint, Counterclaims and Third Party Complaint. [Docket Item 70 at ¶¶ 46-48.]

Smith initiated this action in a two-count Complaint filed on January 7, 2015. [Docket Item 1.] The Complaint was subsequently amended on February 6, 2015 [Docket Item 7], on September 15, 2016 [Docket Item 69], and on March 20, 2017.[3]

---

[3] Plaintiff mistakenly filed the Third Amended Complaint in a manner inconsistent with Judge Donio's March 9 Order [Docket

5

[Docket Item 108.] In the operative four-count Third Amended Complaint, Smith alleges: (1) his use of the disputed domain is lawful (Count One); (2) Director's Choice made materially false statements and failed to provide material information to the arbitration panel (Count Two); and (3) Director's Choice falsified the trade mark applications for DIRECTOR'S CHOICE and DIRECTOR'S CHOICE TOUR AND TRAVEL (Counts Three and Four). [Id. at ¶¶ 20-28.] Plaintiff asks this Court to: (a) enjoin the transfer of the domain name to Director's Choice and declare the use of the domain name is lawful; (b) issue a declaration that Director's Choice made materially false statements to the administrative panel; (c) issue an order requiring the administrative panel to reverse its order; (d) award Smith compensatory damages in the amount of $2,300; (e) award Smith statutory damages between $1,000 and $100,000; and (f) cancel Director's Choice's trademark applications for DIRECTOR'S CHOICE and DIRECTOR'S CHOICE TOUR AND TRAVEL at the USPTO. [Id. at ¶ 30.]

In response to the Third Amended Complaint, Director's Choice filed a six-count Counterclaim against Smith and Third Party Complaint against HELP.org, alleging, inter alia, that

---

Item 105], which the Court will disregard. For purposes of this action, the Third Amended Complaint filed on March 20, 2017 [Docket Item 108] is the operative pleading.

6

Smith and HELP.org violated the ACPA, infringed on Director's Choice's trademark, and violated the Lanham Act, and seeking a declaration that Smith's trademark "Director's Choice" is invalid and unenforceable. [Docket Item 70 at ¶¶ 49-96.]

Smith filed the instant motions for summary judgment as to Counts One [Docket Item 83] and Two [Docket Item 91] on January 9, 2017 and January 26, 2017, respectively. Director's Choice timely opposed both motions on substantive and procedural grounds, arguing among other things that summary judgment should be denied under Fed. R. Civ. P. 56(d) because discovery was still ongoing and no depositions had been held. [Docket Items 95 & 100.] Director's Choice separately filed a Rule 56(d) declaration in response to each of Smith's motions. [Docket Items 96 & 102.] Both of Smith's motions for summary judgment are now fully briefed, and the Court will decide them without holding oral argument pursuant to Fed. R. Civ. P. 78.

**III. STANDARD OF REVIEW**[4]

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported

---

[4] The Court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7

motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. Hunt v. Cromartie, 526 U.S. 541, 552 (1999); Wishkin v. Potter, 476 F.2d 180, 184 (3d Cir. 2007). Credibility determinations are not appropriate for the court to make at the summary judgment stage. Davis v. Portlines Transportes Maritime Internacional, 16 F.3d 532, 536 n.3 (3d Cir. 1994).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must simply present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cnty. of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

## IV. ANALYSIS

Counts One and Two of the Third Amended Complaint generally allege that Smith's use of the disputed domain name is lawful (Count One) and that Director's Choice made materially false statements and failed to provide material information to the arbitration panel (Count Two). [Docket Item 108.] In support of the motions for summary judgment as to each Count, Smith provides a brief statement of undisputed material facts. [Docket Item 83 at ¶¶ 2-6; Docket Item 91 at ¶¶ 7-22.] Director's Choice, in turn, disputes several of these facts [Docket Items 97 & 101], and argues that summary judgment should be denied on the merits. [Docket Item 95 at 9-12; Docket Item 100 at 6-12.] In the alternative, Director's Choice argues that summary judgment should be denied under Fed. R. Civ. P. 56(d) because discovery was still in its early stages and no depositions had been held at the time Smith filed the motions for summary judgment. [Docket Item 95 at 13-15; Docket Item 100 at 12-15.] Because the Court agrees with Director's Choice that denial of summary judgment is appropriate under Fed. R. Civ. P. 56(d), the merits of Smith's summary judgment motion will not be reached at this time.

In response to a motion for summary judgment, a nonmoving party may file a Rule 56(d) declaration. In relevant part, Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In the Rule 56(d) declaration, a party must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained. Pa., Dept. of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012) (citing Dowling v. City of Philadelphia, 855 F.2d 136, 139-40 (3d Cir. 1988)). If a party opposing summary judgment files an affidavit that specifically addresses these requirements, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," especially when particular information is in the sole possession of the moving party. Malouf v. Turner, 814 F. Supp. 2d 454, 459-60 (D.N.J. 2011) (quoting Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984).

Here, Director's Choice furnished Rule 56(d) declarations in response to each of Smith's motions for summary judgment explaining that, at the time Director's Choice was preparing its opposition, discovery had only just begun. [See generally Docket

Items 96 & 102.] As previously noted, Smith filed the instant motions for summary judgment on January 9, 2017 and January 26, 2017, respectively. [Docket Items 83 & 91.] Around the same time, Smith filed a motion for leave to amend the Second Complaint [Docket Item 82], which was granted in part and denied in part on March 9, 2017. [Docket Item 104.] The Third Amended Complaint was then filed on March 20, 2017 [Docket Item 108], several days <u>after</u> briefing on these motions had concluded.[5]

Within this context, the Rule 56(d) declarations explain: "While the parties' Initial Conference was held on January 19, 2016, the parties did not actually begin to exchange discovery requests until November 15, 2016 . . . ." [Docket Item 96 at ¶ 4; Docket Item 102 at ¶ 4.] Moreover, as of February 21, 2017, when the second of Director's Choice's Rule 56(d) declarations was filed, depositions had yet to be scheduled and both parties

---

[5] In his motions for summary judgment, Smith claimed that, despite his pending motion for leave to amend, the proposed Third Amended Complaint had "identical" Counts One and Two to the Second Amended Complaint. [Docket Item 83 at 2 n.1; Docket Item 91 at 2 n.1.] While Smith is technically correct that the language of Counts One and Two mirror each other in the Second and Third Amended Complaints, the factual allegations upon which Smith relies are, in fact, substantively different. For example, the Third Amended Complaint adds an allegation that Director's Choice engaged in "naked licensing" of their trademark for DIRECTOR'S CHOICE. [Docket Item 108 at ¶ 9(b).] Because the Court will deny Smith's motions pursuant to Fed. R. Civ. P. 56(d), the Court need not address whether the Third Amended Complaint, filed several weeks after the motions for summary judgment were filed, moots Smith's pending motions.

11

"identified deficiencies with the other's discovery responses, which have to be resolved prior to depositions . . . ." [Id. at ¶ 10.] As of the date this Opinion was filed, it appears discovery is still ongoing, with pretrial factual discovery set to conclude on March 30, 2018. [Docket Item 190 at ¶ 5.]

With discovery in its early stages at the time Smith filed his motions for summary judgment, Director's Choice affirmed in its Rule 56(d) declarations:

> Director's Choice has not had an adequate opportunity to obtain complete discovery on information and documents that directly bear upon the issues in this litigation, including, but not limited to, how Plaintiff purportedly obtained ownership rights in the Disputed Domain Name, the chain of title of the registration in the Disputed Domain Name, evidence of Plaintiff's use of the Disputed Domain name prior to the December 22, 2014 UDRP decision, evidence supporting Plaintiff's claim that he lawfully used the Disputed Domain Name, evidence supporting Plaintiff's claim of trademark rights in the mark "DIRECTOR's CHOICE" and in the Disputed Domain Name, and whether the trademark registration upon which Plaintiff relies was obtained fraudulently.

[Docket Item 96 at ¶ 11; Docket Item 102 at ¶ 12.] Moreover, according to the Rule 56(d) declarations, "[m]uch, if not all, of this information is in the exclusive possession, custody and control of Plaintiff." [Docket Item 96 at ¶ 12; Docket Item 102 at ¶ 13.]

Nevertheless, Smith argues that his motions for summary judgment were timely because "there are no genuine disputes of material facts and additional discovery will not lead to any

12

additional relevant information." [Docket Item 99 at ¶ 5.] According to Smith, "[d]iscovery is a burden to [him] since the requests span a time frame of about 20 years [and] may require [him] to serve various third parties. Therefore, any potential summary judgment should be decided now if possible." [Id.] Additionally, Smith avers that "discovery concerning the ownership of the domain has been completed" and that "Director's Choice, LLP does not dispute that it never had any reasonable belief that someone targeting trademark holders would target them over a company that had a federal trademark registration or pending application." [Docket Item 103 at ¶¶ 13-14.] Up front, the Court notes that Smith chose to initiate this lawsuit in federal court and is the movant for summary judgment in the pending motions. Accordingly, the Court finds his argument that further discovery was unduly burdensome to him unpersuasive in this instance.

As explained above, Fed. R. Civ. P. 56(d) permits a court to deny a motion for summary judgment when discovery is still ongoing. See also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("Any potential problem with [a] premature motion[] can be adequately dealt with under Rule 56(f),[6] which allows a

---

[6] Fed. R. Civ. P. 56(d) carries forward without substantial change the provisions of former subdivision (f). See Fed. R. Civ. P. 56 advisory committee note to the 2010 amendment.

13

summary judgment motion to be denied . . . if the nonmoving party has not had an opportunity to make full discovery."); Dowling, 855 F.2d at 139 ("The court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."). Here, the Court finds that, because the parties were in the early stages of discovery when the motions for summary judgment were filed and discovery is still ongoing, and because the Court is persuaded by Director's Choice's assertions how the additional opportunity for discovery will lead to its receipt of material information from Smith, denial of summary judgment without prejudice is appropriate.

Since the motions will be denied without prejudice, Smith will be allowed to renew his request for summary judgment as to Counts One and Two, if he so chooses, before the June 8, 2018 dispositive motion deadline passes. [Docket Item 190 at ¶ 8.] In the event that Smith elects to file any new motions for summary judgment, the Court reminds Mr. Smith that he must comply with Local Civil Rule 56.1(a).[7]

---

[7] In relevant part, Local Civil Rule 56.1(a) provides: "On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."

## V. CONCLUSION

For the foregoing reasons, the Court will deny Smith's motions for summary judgment as to Count One and Two of the Third Amended Complaint without prejudice. The accompanying Order will be entered.

**March 26, 2018**                           **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                             U.S. District Judge